RICHARD S. CASWELL *vs.* PHINEAS F. JOHNSON.

*Bond—construction of. Penalty.*

The defendant, by a sealed obligation in the ordinary form of a bond, " acknowledged himself bound and obliged unto " the plaintiff " in the sum of five hundred dollars," . . . conditioned that, " in part consideration of " the sale by the defendant of his fish-market and fixtures and stock to the plaintiff, he will not engage in the retail sale of fish, within the city of Biddeford, so long as " the plaintiff shall remain in thebusiness;" *Held*, (1) That by engaging in the retail sale of oysters within the time and place mentioned, was a breach of the condition; and, (2) That the sum of five hundred dollars constituted a penalty, and not liquidated damages.

Caswell *v.* Johnson.

ON REPORT.

DEBT on an instrument, signed and sealed by the defendant, of the following tenor:

" Know all men by these presents, that I, Phineas F. Johnson, of Biddeford, in the county of York, and State of Maine, am holden, and stand firmly bound and obliged unto Richard S. Caswell, of said Biddeford, in the sum of five hundred dollars, to be paid to said Richard S. Caswell, his executors, administrators, or assigns. To the which payment, well and truly to be made, I bind myself, heirs, executors, and administrators, firmly by these presents, sealed with my seal, dated the nineteenth day of December, anno domini, one thousand eight hundred and sixty-seven.

" The condition of the above obligation is such, that, whereas said Johnson has this day sold to said Caswell the stock and fixtures in the store occupied by him on Main street, in said Biddeford, and in part consideration of said sale, has agreed with said Caswell not to engage in the retail sale of fish, within said Biddeford, so long as said Caswell shall remain in the business. Now, therefore, if the said Johnson shall not, directly or indirectly, engage in such retail trade while said Caswell shall be engaged therein, then this obligation shall be void,—otherwise shall be and remain in full force."

There was evidence on the part of the plaintiff tending to prove that the defendant sold oysters at retail, in Biddeford, after the execution and delivery of the foregoing instrument.

*George A. Emery*, for the plaintiff.

*J. M. Goodwin*, for the defendant.

TAPLEY, J. This is an action upon a bond, with a penal sum, conditioned, among other things, " not to engage in the retail sale of fish within the city of Biddeford, so long as said Caswell shall remain in the business." The evidence shows that since the execution of the bond, the defendant has engaged in the retail sale of oysters. The plaintiff contends that this constitutes a breach of the bond, and the defendant contends that the sale of oysters is not within the engagement.

. Is the oyster included in the term fish ? Chapter 179, of the acts of 1821, is entitled, " an act for the preservation of certain fish." The second section of the act relates to oysters. The third section provides a penalty for taking " any other shell-fish." " Other shell-fish " are referred to in section 4.

Chapter 61, of the. Revised Statutes, 1841, is entitled, " of fisheries," and makes provision in it concerning the willful destruction of any " oysters or other shell-fish."

This chapter is a revision and condensation of the acts of 1821, 1823, 1828, and 1840, concerning fisheries.

Chapter 40, of the present revision, is entitled, " fish and fisheries." In this chapter they are treated as " shell-fish."

. In *Moulton* v. *Libbey*, 37 Maine, 472, it was contended " that the common right of fishery does not include the fishery of clams." The court say, " in all treatises respecting that common right, the general term, '*piscaria*,' or its equivalent, is used as including all fisheries, without regard to their distinctive character, or to the¹ method of taking the fish."

It is quite evident that in all legislative and judicial proceedings concerning them in this State, they have been regarded as a species of fish, and that the right to take them in the sea and its arms and creeks, is given under the right of " fishing therein," and is embraced under the same general terms that the right of taking other fish is given.

The classification which scientific men have made, founded upon the physical structure of the animal, is not of such common notoriety among the dealers in this class of animals, as to lead to the conclusion that a legal instrument was drawn and executed upon their theories, rather than the well-known accepted theory of the legislative and judicial departments of the State, even if such classifications should differ. The term " shell " prefixed to the word " fish," thus making a compound word of it, does not exclude them from this class of animals, but is put there to indicate the particular kind of fish, as cod-fish, sword-fish, dog-fish, and the like. It is a shell-fish, that is, a fish covered with a shell.

Caswell *v.* Johnson.

As remarked by the counsel for the defense, " the language and terms of the bond are plain and clear; there is, therefore, no need for resort to facts or evidence outside of the bond itself to ascertain its meaning." The bond being unlimited, and embracing within its terms one kind of fish as well as another, the court cannot limit it, and select from the many varieties the kind, or kinds, to which it shall apply. If the maker designed it should be limited, he should have fixed the limitation in the instrument. We think the evidence does show a breach of the bond, and that brings us to the more difficult question of damages.

This action is upon a bond in the ordinary form, in which the party binds himself in the penal sum of five hundred dollars. The plaintiff claims that this is a damage fixed by the parties, and that he is entitled to judgment and execution for that amount. The defendant claims that it is not a liquidated sum, but is inserted as a penal sum, and that if the plaintiff recovers, he can recover only such damage as he proves he has sustained.

Upon a careful examination of the case in the light of the adjudicated cases bearing upon this question, a majority of the court are of opinion that the sum inserted cannot be regarded as liquidated damages; therefore there must be

*Judgment for the plaintiff, for the penal sum of the bond, and the amount for which execution shall issue, to be determined by a judge at nisi prius.*

APPLETON, C. J.; KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.