Portsmouth Municipal Court,
No. 5063.

STATE

*v.*

ROBERT E. HARDY.

Argued October 3, 1962.

Decided October 31, 1962.

*William Maynard,* Attorney General, and *Irma A. Matthews,* Law Assistant (*Mrs. Matthews* orally), for the State.

*John C. Driscoll,* city solicitor (by brief and orally), for the city of Portsmouth.

LAMPRON, J.  RSA ·206:34 (supp) provides that "The court or justice of any court in which a complaint for violation of any law, rule or regulation relating to fish, game or fur-bearing animals is prosecuted, shall, within thirty days after any fine . . . is paid, remit the amount thereof to the director [of the fish and game department] provided however, that from each fine collected by a municipal court, there shall be deducted five dollars and ten per cent of that part of the fine which exceeds five dollars."

RSA 211:31, for violation of which a $50 fine was imposed on the defendant Hardy, reads in part as follows: "No person, except

the owner or a conservation officer, shall take up, lift, molest or transfer any pot, trap, car or other contrivance set for the taking or holding of lobsters." RSA 207:1, entitled "General Provisions as To Fish and Game," defines how words used in "this title" are to be construed. The title referred to is Title XVIII of RSA.

It is the position of the city of Portsmouth that, inasmuch as lobsters are not defined under RSA 207:1 and are not included under its definition of fish, the fine imposed on Hardy for violation of RSA 211:31 is not one which is divisible with the State under RSA 206:34 (supp). The State contends that section 34 which by its terms applies to fines "for violation of any law . . . relating to fish" is not intended to be restricted in its application to "fish" as defined in RSA 207:1 but is intended to include also fines imposed for violations of RSA ch. 211 entitled "Fish, Shellfish, Lobsters and Crabs." We are of the opinion that the contention of the State is correct.

RSA 211:45 provides that "all moneys collected from lobster and crab licenses and fines [including violations of sections 18 and 31 of which Hardy was convicted] shall be kept in a separate account to be used only for the administration of laws relative to lobsters and crabs." It provides further that no other moneys shall be used in the enforcement of the provisions of the laws relating to lobsters and crabs except such sums as may be otherwise appropriated for such purposes from general funds. It is clear from these provisions that the Legislature intended that the Director of the Fish and Game Department was to receive moneys from fines imposed for violations of the provisions of the fish and game laws relating to lobsters.

Title XVIII of the Revised Statutes Annotated containing chapters 206 to 215 is entitled "Fish and Game." However the regulations contained under this title, aside from those relating to "game and fur-bearing animals" are not limited to "fish" as defined in RSA 207:1. Chapter 211 regulates the taking of lobsters, crabs, salt water fish, oysters, conch and clams, none of which is contained in that definition. It is also interesting to note that RSA 211:59 provides that all moneys collected from licenses and fines for the the taking of clams or oysters are to be used for the administration of laws pertaining thereto.

RSA 206:34 (supp) must be interpreted in the light of the diverse provisions of the various chapters pertaining to fish and game. If the word "fish" therein were given the limited meaning

312

of its definition in RSA 207:1 this would produce the absurd result that the Legislature in RSA 211:45, 59 provided for the use of fines to enforce the laws relating to lobsters, crabs, oysters and clams and did not create the mechanism necessary to get those funds in the hands of the department which was to use them. However if we give the word "fish" its broader interpretation which includes all species of fish including those covered with a shell, as oysters and clams, and other mollusks or crustaceans, as lobsters and crabs, that absurd result is avoided. *Opinion of the Justices,* 75 N. H. 613, 616; *State* v. *Small,* 99 N. H. 349, 350; *Maritime Packers* v. *Carpenter,* 99 N. H. 73, 76; See *Caswell* v. *Johnson,* 58 Me. 164; 36A C.J.S., Fish, *s.* 1, *p.* 498; Webster's Third New International Dictionary, *p.* 857.

We are of the opinion that RSA 206:34 (supp) applies to the $50 fine imposed on Hardy for violation of RSA 211:31. The motion of the State that the municipal court of Portsmouth remit to the Director of the Fish and Game Department $40.50 thereof should be granted.

*Remanded.*

KENISON, C. J., did not sit; the others concurred.